**U.S. Department of Justice**

**Tax Division**

*Trial Attorney: Michael P. Hatzimichalis*
*Attorney's Direct Line: 202-353-1844*
*Fax No. 202-514-0961*
*Michael.P.Hatzimichalis@usdoj.gov*

*Southern Criminal Enforcement Section*
*P.O. Box 972*
*Washington, D.C. 20044*

CDC:BMS:MPHatzimichalis
DJ 5-1-7279
CMN 2016201403

November 16, 2016

United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Re: United States v. Michael Thiel
Criminal Docket No. 2:16-cr-00191

Dear Judge Feldman:

In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Michael Thiel, the defendant in the above-captioned proceeding. Defendant's undersigned counsel, Herbert Larson, Esq., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The defendant, Michael Thiel, has agreed to plead guilty to Count One of the bill of information, that is, willfully evading the payment of tax, in violation of 26 U.S.C. § 7201. In exchange for the defendant's guilty plea, the United States Department of Justice, Tax Division, agrees not to file any additional criminal charges against the defendant arising out of his conduct outlined in the bill of information and factual basis, unless the defendant withdraws his decision to plead guilty or violates the terms of this agreement. In addition, the parties agree to stipulate that the loss amount attributable to the defendant's participation in Count One, including relevant conduct, is more than $550,000 and no greater than $1,500,000, yielding Offense Level 22 under §2T4.1(H) of the Sentencing Guidelines. The United States agrees not to seek any sentencing enhancements under the Sentencing Guidelines, and it agrees that the defendant should receive a 3-level reduction for acceptance of responsibility, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, producing a final offense level of 19.

The defendant understands that, should his plea of guilty be accepted, the maximum penalty the defendant may receive as to Count One is five years of imprisonment, a fine of the greater of $250,000, or twice the gross gain to the defendant or twice the gross loss to any

person, under Title 18, United States Code, Section 3571, or both. **The Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the defendant will not be sentenced to a term of imprisonment that exceeds 37 months.** The defendant understands that the recommendations of the parties as to guidelines calculations will not be binding upon the Court, and that the Court alone will decide the advisory guideline range under the Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the advisory guideline range, and what sentence to impose, with the limit imposed in the previous sentence. The defendant further understands that once the Court has accepted the defendant's guilty plea, the defendant will not have the right to withdraw such a plea if the Court does not accept any sentencing recommendations made on the defendant's behalf or if the defendant is otherwise dissatisfied with the sentence.

The defendant understands that the Court may accept or reject the Rule 11(c)(l)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in FED. R. CRIM. PRO. ll(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the defendant or the Government has the option of declaring this plea agreement null and void.

The defendant agrees to pay restitution to the Internal Revenue Service, pursuant to 18 U.S.C. § 3663(a)(3), in the amount to be determined by the Court. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

The defendant agrees to cooperate fully with the Internal Revenue Service in the ascertainment, computation, and payment of his correct individual federal income tax liabilities and federal employment tax liabilities, including penalties and interest, for the years 2003 to the present. To that end, the defendant will:

1) Cooperate with the Internal Revenue Service by providing all financial information necessary to ascertain and assess individual, corporate, and employment back taxes, interest, and penalties;
2) Provide to the Internal Revenue Service all financial information necessary to determine the defendant's ability to pay;
3) Pay all delinquent and/or additional individual, corporate, and employment taxes, interest and penalties, including, but not limited to, the liability stemming from the offense conduct, either in a lump sum should the Internal Revenue Service determine he is able to so pay, or by entering an installment agreement to pay the liability in total during the period of supervised release or probation, or by satisfying the tax by any means provided for by the Internal Revenue Code; and
4) Timely file his federal individual income, corporate income, and employment tax returns during the term of supervised release and refrain from incurring new credit charges or opening additional lines of credit without the approval of his probation officer unless he is in compliance with any installment payment schedule.

The defendant agrees that the total amount of restitution as determined by the Court results from defendant's conduct, as outlined in the Bill of Information. The defendant agrees to pay restitution as ordered by the court in any restitution order entered pursuant to this plea agreement. If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

The defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest specified above. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

The parties understand that defendant will receive proper credit, consistent with this agreement, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

The defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

U.S. District Court<br>
500 Poydras Street, Room C-151<br>
New Orleans, LA 70130

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

- The defendant's name and Social Security number;
- The District Court docket number assigned to this case;
- Tax years or quarters for which restitution has been ordered; and
- A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate office of the Internal Revenue Service. The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

The contact information for the Special Agent assigned to this matter is as follows:

Special Agent Benjamin Johnson
New Orleans, LA
504-493-4263

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, as to Count One, for a period of up to three years, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of

imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, and subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring, a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose a term of imprisonment of 37 months and a fine allowed by law, as well as the imposition of supervised release.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements

made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500 within 30 days of his guilty plea hearing. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

TODD A. ELLINWOOD
MICHAEL P. HATZIMICHALIS
Trial Attorneys
U.S. Department of Justice, Tax Division

12/7/2016

HERBERT LARSON (Date)
Attorney for the Defendant

12/7/2016

MICHAEL THIEL (Date)
Defendant